UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF NEW YORK

_____

SHANNON V. THOMPSON,

                                 Plaintiff,              17-CV-786Sr

v.

NANCY A. BERRYHILL
**Acting Commissioner of Social Security,**

                                 **Defendant.**

_____

## DECISION AND ORDER

As set forth In the Standing Order of the Court regarding Social Security Cases subject to the May 21, 2018 Memorandum of Understanding, the parties have consented to the assignment of this case to the undersigned to conduct all proceedings, including the entry of final judgment, as set forth in 42 U.S.C. § 405(g). Dkt. #12.

## BACKGROUND

Plaintiff applied for supplemental security income ("SSI"), with the Social Security Administration ("SSA"), on April 26, 2013, alleging disability beginning November 8, 2011, when she was 40 years old, due to a stroke, rheumatoid arthritis, right arm pain, left knee pain, high blood pressure, high cholesterol, diabetes and a learning disability. Dkt. #7, pp.22 & 153.

On May 13, 2015, plaintiff, represented by counsel, appeared and testified, along with an impartial vocational expert, Esperanza Distefano, before Administrative Law Judge ("ALJ"), Robert T. Harvey. Dkt. #7, pp.36-66. Plaintiff is right handed and complained of weakness in her right arm, right shoulder and right hip down to her knee as a result of her stroke. Dkt. #7, pp.41-45. When questioned about the fact that the stroke affected the right side of her brain, which would usually affect the left side of her body, plaintiff persisted that the stroke affected her entire right side and that she still experienced weakness with her right side. Dkt. #7, pp.43 & 45. She denied any weakness in her left side. Dkt. #7, p.43. Plaintiff also complained of daily headaches, numbness in her fingertips multiple times per day, arthritis pain in her left knee, hands, arms, back, thighs and right foot, muscles spasms in her lower back approximately 5-6 times per day, numbness in her shoulders at night, swelling in her feet and knees, constant fatigue, blurry vision and lightheadedness whenever she stands up quickly. Dkt. #7, pp.45-48 & 57. Plaintiff denied cleaning, doing dishes, making beds, vacuuming or taking out the trash. Dkt. #7, p.49. She cooked in the microwave and washed laundry with assistance. Dkt. #7, p.49. Plaintiff testified that it was hard to drive and to bathe and dress herself. Dkt. #7, p.50. She testified that she had difficulty walking more than 100 feet, standing more than 2-3 minutes, sitting more than 10-15 minutes or lifting a gallon of milk. Dkt. #7, p.51. She testified that she was unable to reach over her head with her right arm. Dkt. #7, p.51. Plaintiff testified that she was in constant pain, which she treated with Tylenol and warm showers. Dkt. #7, p.53. Her son, her mother and a friend next door helped her with household chores. Dkt. #7, p.55.

When asked to assume that plaintiff would be able to sit for 2 hours in an 8-hour day and stand or walk for 6 hours in an 8-hour day, was limited to light exertion, could not work in areas with unprotected heights or around heavy, moving or dangerous machinery, could not be exposed to dampness, could not climb ropes, ladders or scaffolds and would be limited in the ability to bend, climb, stoop, squat, kneel, balance and crawl with occasional limitations in reaching in all directions with her right upper extremity and pulling with the upper extremities, the vocational expert testified that plaintiff could perform the jobs of electrical equipment assembler, mail clerk and office helper, each of which were unskilled light exertion positions. Dkt. #7, pp.59-61.

The ALJ rendered a decision that plaintiff was not disabled on June 23, 2015. Dkt. #7, pp.22-31. The Appeals Council denied review on June 13, 2017. Dkt. #7, p.5. Plaintiff commenced this action seeking review of the Commissioner's final decision on August 14, 2017. Dkt. #1.

**DISCUSSION AND ANALYSIS**

"In reviewing a final decision of the SSA, this Court is limited to determining whether the SSA's conclusions were supported by substantial evidence in the record and were based on a correct legal standard." *Talavera v. Astrue*, 697 F.3d 145, 151 (2d Cir. 2012). Substantial evidence is defined as "such relevant evidence as a reasonable mind might accept as adequate to support a conclusion." *Moran v. Astrue*, 569 F.3d 496, 501 (2d Cir. 2009). If the evidence is susceptible to more than one rational interpretation, the Commissioner's determination must be upheld. *McIntyre v.*

*Colvin*, 758 F.3d 146, 149 (2d Cir. 2014). "Where an administrative decision rests on adequate findings sustained by evidence having rational probative force, the court should not substitute its judgment for that of the Commissioner." *Yancey v. Apfel*, 145 F.3d 106, 111 (2d Cir. 1998).

To be disabled under the Social Security Act ("Act"), a claimant must establish an inability to do any substantial gainful activity by reason of any medically determinable physical or mental impairment which can be expected to result in death or which has lasted or can be expected to last for a continuous period of not less than twelve months. 20 C.F.R. § 404.1505(a). The Commissioner must follow a five-step sequential evaluation to determine whether a claimant is disabled within the meaning of the Act. 20 C.F.R. § 404.1520(a). At step one, the claimant must demonstrate that he is not engaging in substantial gainful activity. 20 C.F.R. § 404.1520(b). At step two, the claimant must demonstrate that he has a severe impairment or combination of impairments that limits the claimant's ability to perform physical or mental work-related activities. 20 C.F.R. § 404.1520(c). If the impairment meets or medically equals the criteria of a disabling impairment as set forth in Appendix 1 of Subpart P of Regulation No. 4 (the "Listings"), and satisfies the durational requirement, the claimant is entitled to disability benefits. 20 C.F.R. § 404.1520(d). If the impairment does not meet the criteria of a disabling impairment, the Commissioner considers whether the claimant has sufficient residual functional capacity ("RFC"), for the claimant to return to past relevant work. 20 C.F.R. § 404.1520(e)-(f). If the claimant is unable to return to past relevant work, the burden of proof shifts to the Commissioner to demonstrate that the claimant

could perform other jobs which exist in significant numbers in the national economy, based on claimant's age, education and work experience. 20 C.F.R. § 404.1520(g).

In the instant case, the ALJ made the following findings with regard to the five-step sequential evaluation: (1) plaintiff had not engaged in substantial gainful activity since April 26, 2013; (2) plaintiff's status post-stroke, obesity, diabetes mellitus, and left knee degenerative joint disease constitute severe impairments; (3) plaintiff's impairments did not meet or equal any listed impairment; (4) plaintiff retained the RFC to perform light work with the following limitations: sit for 2 hours and stand or walk for 6 hours in an 8-hour workday, occasional limitations in bending, climbing, stooping, squatting, kneeling, balancing, crawling and pulling with the upper extremities or reaching in all directions with the right upper extremity, cannot work in areas with exposure to dampness, unprotected heights or heavy, moving or dangerous machinery and cannot climb ladders, ropes or scaffolds; and (5) plaintiff had no past relevant work, but retained the functional capacity to work in unskilled, light exertion level such as electric equipment assembler, mail clerk or office helper and was not, therefore, disabled within the meaning of the SSA. Dkt. #7, pp.24-31.

Plaintiff argues that once the ALJ limited the weight he afforded to Dr. Miller's assessment, there was no medical opinion supporting the ALJ's RFC assessment. Dkt. #8-1, pp.10-11 & Dkt. #11, pp.3-4. In any event, plaintiff argues that Dr. Miller's opinion was stale because it predated plaintiff's lumbar problems and deteriorating knee condition. Dkt. #8-1, pp.11-15.

The Commissioner responds that the ALJ appropriately relied upon Dr. Miller's opinion, as well as clinical findings in the medical record, in assessing plaintiff's RFC. Dkt. #9-1, pp.17-24. The Commissioner denies evidence of deterioration, noting that plaintiff continued to receive conservative treatment for symptoms that were addressed by the RFC. Dkt. #10-1, pp.20-22.

Dr. Miller conducted a consultative examination of plaintiff on July 15, 2013. Dkt. #7, p.306. Plaintiff complained of a history of stroke, arthritis and diabetes. Dkt. #7, p.304. Dr. Miller observed that plaintiff had a normal gait and was able to rise from a chair, get on and off of the examination table and walk on her toes without difficulty, but had difficulty walking on her heels and was only able to squat to 50%. Dkt. #7, p.306. He observed full flexion, extension and rotary movement bilaterally of plaintiff's cervical and lumbar spine. Dkt. #7, pp.306-307. He also observed 120 degree forward elevation and abduction of the right shoulder and full range of motion of the left shoulder and both elbows, forearms, wrists, knees and ankles. Dkt. #7, pp.306-307. Dr. Miller diagnosed plaintiff with a history of stroke, non-insulin dependent diabetes, osteoarthritis, hypertension and mild left carpal tunnel syndrome, opining that plaintiff had mild to moderate limitation for repetitive kneeling and squatting and repetitive motion of her left hand. Dkt. #7, p.307.

The ALJ afforded Dr. Miller's opinion some weight and incorporated Dr. Miller's opinion regarding plaintiff's mild to moderate limitation for repetitive kneeling and squatting into an RFC which limited plaintiff to, *inter alia*, occasional limitations kneeling and squatting. Dkt. #7, p.26. Moreover, the ALJ relied upon plaintiff's

testimony denying weakness on her left side (Dkt. #7, p.43), but complaining of weakness on her right side (Dkt. #7, p.45), and report of difficulty with personal care tasks that require lifting or reaching with her arms (Dkt. #7, p.173), as well as Dr. Miller's observation upon examination that plaintiff had a decreased range of motion in the right shoulder (Dkt. #7, p.306), but full range of motion of the left shoulder and both elbows, forearms and wrists and intact hand and finger dexterity and full grip strength in both hands (Dkt. #7, pp. 306-307), to determine that plaintiff had occasional limitations in the ability to reach in all directions with the right upper extremity and occasional limitations in pulling with both upper extremities. Dkt. #7, p.26. *See Matta v. Astrue*, 508 Fed. App'x 53, 56 (2d Cir. 2013) (ALJ is entitled to weigh all of the evidence available to make an RFC finding that is consistent with the record as a whole).

Subsequent to Dr. Miller's examination, however, the medical record indicates that an MRI revealed significant degenerative changes of the medial compartment of plaintiff's left knee and physical examination revealed definitive tenderness over the medial joint line as well as crepitus and a positive circumduction sign. Dkt. #7, p.364. Plaintiff also began treatment with the United Memorial Medical Center's Pain Center, where an MRI of her lumbar spine was consistent with L5-S1 disc herniation and degenerative arthritis which was treated with lumbar epidural steroid injections. Dkt. #7, pp.375, 380, 393, 396, 403. Furthermore, physical examinations in 2015 reveal that plaintiff had difficulty rising from her chair and getting on and off the examination table and exhibited decreased lumbar flexion, extension, lateral bending and rotation as well as a positive Patrick's test, positive Fortin finger test, and waddling gait. Dkt. #7, pp.398, 403-404 & 408.

Medical source opinions that are conclusory, stale or based upon an incomplete medical record cannot constitute substantial evidence in support of an ALJ's determination of a plaintiff's RFC. *Camille v. Colvin*, 104 F. Supp.3d 329, 343-344 (W.D.N.Y. 2015), *aff'd,* 652 Fed. App'x 25 (2d Cir. 2016). While mere passage of time does not render an opinion stale, a medical opinion may be stale where, as here, subsequent treatment notes indicate a claimant's condition has deteriorated. *Whitehurst v. Berryhill*, 16-CV-1005, 2018 WL 3868721, at *4 (W.D.N.Y. Aug. 14, 2018). In light of these subsequent medical records, which were not addressed in the ALJ's decision, the Court finds it appropriate to remand this case for an updated medical source opinion. *See, e.g., Hawkins v. Colvin*, 15-CV-6394, 2016 WL 6246424, at *3 (W.D.N.Y. Oct. 26, 2016) (consultative medical examination report stale where it was issued prior to plaintiff's degenerative disc disease becoming symptomatic).

## CONCLUSION

Based on the foregoing, plaintiff's motion for judgment on the pleadings (Dkt. #8), is granted and the Commissioner's motion for judgment on the pleadings (Dkt. #9), is denied.

The Clerk of the Court is directed to close this case.

**SO ORDERED.**

**DATED:**     **Buffalo, New York**
              **June 28, 2019**

                                           *s/ H. Kenneth Schroeder, Jr.*
                                           **H. KENNETH SCHROEDER, JR.**
                                           **United States Magistrate Judge**